UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADA NELSA MAE SHELBY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-11-258-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 18. Attorney Lora Lee Stover represents plaintiff. Special Assistant United States Attorney David I. Blower represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, **ECF No. 18.**

## JURISDICTION

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) in January 2009, alleging disability as of October 15, 2008 (Tr. 132-34, 135-37). The applications were denied initially and on reconsideration (Tr. 85-88, 92-102).

Administrative Law Judge (ALJ) R. J. Payne held a hearing on April 19, 2010. Plaintiff and a medical expert testified (Tr. 48-80). On May 7, 2010 the ALJ issued an unfavorable decision (Tr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

21-33). The Appeals Council denied review on May 25, 2011 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. Final decisions are appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action on July 7, 2011 (ECF No. 1, 4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on April 5, 1970 and was 38 years old at onset. She has a tenth grade education. It is unclear if she took special education classes. *Compare* Tr. 60 (has) *with* Tr. 168 (has not). Shelby has worked as a nurse's aid, cashier, and food preparer. She experiences back pain but has never been told she needs back surgery (Tr. 60-61, 155). Shelby can walk one block, sit 45 minutes, and stand two minutes. She takes no prescription or over the counter medication (Tr. 62-63, 68). Physical therapy did not help (Tr. 65). Plaintiff has not required medication for asthma for the past couple of years because she has been symptom free (Tr. 66, 339).

Shelby has experienced back pain extending down into the right ankle for about 34 years. The pain has remained at an intensity level of eight out of ten (Tr. 62, 67). Sometimes she also experiences right arm pain and numbness (Tr. 73-74). She smokes (Tr. 75-76). Counsel stipulated to a step five determination based on the evidence at the hearing (Tr. 79).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

    The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

    If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

# STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ determined Shelby was insured through December 31, 2013 (Tr. 21, 23). At step one, ALJ Payne found plaintiff has not engaged in substantial gainful activity since October 15, 2008, the alleged onset date (Tr. 23). At step two, the ALJ found Shelby has the severe impairments of "chronic pain in the lumbar and sacral region and neck" (*Id*). At step three, he found plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Tr. 27). The ALJ determined Shelby is able to perform the full range of sedentary work (*Id*).

The ALJ found plaintiff less than fully credible (Tr. 29-31).

At step four, ALJ Payne found Shelby is unable to perform any past relevant work (Tr. 32). At step five, the ALJ considered plaintiff's age, education and work experience and applied Medical-Vocational Rule 201.25. He found Shelby was not disabled as defined by the Social Security Act from October 15, 2008,

through May 7, 2010, the date of his decision (Tr. 33).

**ISSUES**

Shelby alleges the ALJ erred when he weighed the evidence, assessed credibility, and found she can perform sedentary work. ECF No. 14 at 7-8. The Commissioner asserts the decision is supported by substantial evidence and free of harmful error. He asks the court to affirm. ECF No. 19 at 10.

**DISCUSSION**

**A.  Standards for weighing medical evidence**

The courts distinguish among the opinions of three types of physicians: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater,* 81 F.3d 821, 839 (9th Cir. 1995). A treating physician's opinion is given special weight because of her familiarity with the claimant and his physical condition. *Fair v. Bowen,* 885 F.2d 597, 604-605 (9th Cir. 1989). Thus, more weight is given to a treating physician than an examining physician. *Lester*, 81 F.3d at 830. However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted).

The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830. Rather, an ALJ's decision to reject the opinion of a treating or examining physician may be based in part on the testimony of a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

nonexamining medical advisor. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). The ALJ must also have other evidence to support the decision such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the physician's opinion. *Andrews*, 53 F.3d at 1042-1043. Moreover, an ALJ may reject the testimony of an examining, but nontreating physician, in favor of a nonexamining, nontreating physician only when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence. *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

**B. Medical evidence**

Shelby alleges the ALJ improperly weighed the medical evidence. First, she alleges the ALJ should have found borderline intellectual functioning (BIF) is a severe impairment. ECF No. 14 at 10-12. The Commissioner responds that the ALJ correctly relied on examining psychologist Bostwick's[1] opinion that Shelby is capable of certain work without any limitation, despite scores that "establish some deficit for intellectual functioning." Dr. Bostwick opined Shelby is only functionally limited by an inability to perform complex reading or math, and assessed a GAF of 62 indicating mild symptoms. The Commissioner observes Shelby points to no other evidence suggesting BIF has more than a minimal effect on her ability to perform work activities. ECF No. 19 at 10-11, Tr. 352.

It is noteworthy plaintiff alleged she was unable to work

---

[1] Allen Bostwick, Ph.D., evaluated plaintiff March 1, 2010 (Tr. 339-354).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

*solely* based on physical impairments.[2] In February 2009 she self-reported no problems with understanding, concentration, completing tasks or following instructions (Tr. 221). Perhaps most significantly, Shelby worked as a certified nurse's aide (CNA), a semi-skilled job, for ten years (Tr. 163).

Plaintiff has the burden of proving that she has a severe impairment at step two of the sequential evaluation process. In order to meet this burden, plaintiff must furnish medical and other evidence that shows that she has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520c, 416.920c, provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs. 20 C.F.R. §§ 404.1521(b), 416.921(b).

Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." S.S.R. 85-28; *see, Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005). Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had

---

[2] Shelby alleged she is unable to work due to back sprain, arthritis and an extra vertebrae in her neck (Tr. 163). The extra bone is not confirmed by any CT scan (Tr. 305).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

substantial evidence to find that the medical evidence clearly established that plaintiff did not have a medically severe impairment. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

The ALJ determined, based largely on Dr. Bostwick's opinion, plaintiff's diagnosed BIF is non-severe. The ALJ's determination is supported by substantial evidence. Shelby fails to establish BIF is an impairment that causes more than minimal limitation on the ability to perform work activities.

Next, Shelby alleges the ALJ should have credited the medical expert's (Dr. Francis') testimony that plaintiff's pain complaints coupled with orthopedic conditions "could result in listing 1.04 being equaled." ECF No. 14 at 12-13, citing Tr. 53. The Commissioner responds that Shelby's step two argument ignores counsel's stipulation at the hearing that this is a step-five case. Further, the Commissioner asserts Shelby misconstrues Dr. Francis' testimony and fails to observe that the ALJ specifically deferred to Dr. Francis' opinion. ECF No. 19 at 13.

Dr. Francis' testimony can be read as somewhat ambiguous. However, it is the province of the ALJ, not this court, to interpret ambiguous evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence)(citations omitted). Ultimately, Dr. Francis opined Shelby "probably should be at least employable in a sedentary type occupation and possibly

light" (Tr. 56). The ALJ adopted an RFC for the full range of sedentary work, consistent with Dr. Francis' opinion and with the bulk of the medical evidence (Tr. 31, 320). The ALJ properly weighed the medical expert's opinion.

**C. Credibility**

Shelby alleges the ALJ's credibility assessment is "not based on any convincing evidence." She alleges the ALJ should have relied on psychological test results, objective evidence of [physical] abnormalities, plaintiff's testimony and Dr. Francis' testimony. Had he done so, Shelby alleges, the ALJ would have found she is entitled to benefits. ECF No. 14 at 13-14. The Commissioner responds that the ALJ properly considered exaggerated symptoms, lack of medical support for alleged limitations, inconsistent statements, and activities suggesting greater functioning than alleged, when he found Shelby less than fully credible. ECF No. 19 at 14-18.

The Commissioner is correct. The ALJ's reasons are clear, convincing and supported by substantial evidence. Activities include walking "3 to 5 times per week for exercise" (May 2009, Tr. 317); doing crafts, attending live wrestling events, cooking complete meals, making pie crust, caring for pets, laundry and shopping (February 2009, Tr. 216-221); driving, some yard care, and "loves cooking and baking" (March 2010, Tr. 342). Plaintiff's work-related goals include trying "to get something I can handle, like prep cook, cashiering, or deli work" (March 2010, Tr. 340). Activities and statements inconsistent with a claimant's testimony are valid factors the ALJ considers when assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Light v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

*Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

There is evidence plaintiff exaggerated symptoms. In April 2009 examining doctor Andrew Peter Weir, M.D., noted when Shelby did not think she was being examined or watched, she appeared much more limber. She walked and moved at "a good pace" without obvious discomfort. During examination, however, plaintiff appeared quite stiff. She grimaced often and inappropriately (Tr. 30, 307). The ALJ correctly relied in part on the lack of medical support for allegedly dire limitations. Results of an exam in May 2009 were essentially normal. Shelby took only non-prescribed pain medication and rarely sought medical care (Tr. 30, 259, 279, 281, 291, 307-308, 317-18). These reasons are also clear, convincing and supported by substantial evidence.

**D.  Lay testimony**

Plaintiff alleges the ALJ failed to properly credit the lay opinion of Shelby's future mother-in-law (Tr. 162), Debbie Christie. Shelby alleges Ms. Christie's statements corroborate both Dr. Francis' opinion and plaintiff's own testimony with respect to chronic pain. ECF No. 14 at 14-15; Tr. 224-231. The Commissioner answers that the ALJ gave germane reasons for discounting Ms. Christie's lay opinion. ECF No. 19 at 18-19.

The Commissioner is correct. The ALJ, as required, gave reasons germane to the witness for discounting her lay testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ gave the opinion little weight because Ms. Christie admitted she spends little time with Shelby since she (Shelby) moved. He points out Ms. Christie's opinion Shelby can only sit, stand or walk for 10 to 15 minutes at a time is contradicted by treating and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

examining medical sources who variously opined plaintiff would only miss two weeks of work following an accident, she can sit 6 out of 8 hours and she is able to perform light work (Tr. 31; *comparing* Tr. 224, 229 *with* Tr. 281, 291, 302, 308, 320). The ALJ notes the lay opinion describes symptoms and limitations similar to those described by Shelby herself, who was found less than credible (Tr. 31).

The ALJ's reasons are germane and supported by substantial evidence. *See e.g., Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)(an ALJ may discount lay testimony if it conflicts with medical evidence). To the extent the ALJ gave the opinion less weight because it is "rank hearsay with secondary gain involved," any error is harmless because the ALJ cited other germane reasons for the decision. *Valentine v. Commissioner of Soc. Sec. Admin.*, 574 F.3d 685, 693-94 (9th Cir. 2010).

**E. RFC for sedentary work**

Last, Shelby alleges the assessed RFC for sedentary work is erroneous because it fails to include all of her limitations. Plaintiff alleges the ALJ should have included how "pain would affect her ability to attend and concentrate" and "how stress in the workplace would affect this condition" ECF No. 14 at 13. The Commissioner responds that the ALJ need only include limitations supported by the record. ECF No. 19 at 20, citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

The Commissioner is correct. Plaintiff does not establish that these alleged limitations exist. The ALJ need not include subjective impairments if he makes specific findings that claimant is not credible. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

Cir. 1988).

The Court finds the ALJ's evaluation of the evidence is free of harmful error and supported by substantial evidence, as is the RFC determination.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

**DATED** this 29th day of November, 2012

                                            S/ James P. Hutton
                                            JAMES P. HUTTON
                       UNITED STATES MAGISTRATE JUDGE